CHASEZ, Judge.
Plaintiff, W. V. McLemore, d/b/a “Service Roofing Company” filed this suit against defendant, Donald B. Ruiz, to recover $221.30 allegedly due as a result of merchandise sold and services rendered to the defendant during June and July of 1969 for repair work to a camp house located at North Shore. Defendant answered denying the allegations contained in plaintiff’s petition and further entered a demand in reconvention alleging the existence of an open debt owed by the plaintiff to defendant for legal services rendered in the amount of $625.00 and that the plaintiff had previously agreed to render the services and repairs to defendant’s property to offset the fees owed to the defendant for legal services allegedly due and owing since 1967.
After a trial on the merits the lower court rendered judgment in favor of the plaintiff and against the defendant for the sum of $221.30 and further, dismissed the *898 reconventional demand of defendant, Donald B. Ruiz. From this adverse judgment the defendant and plaintiff in reconvention has suspensively appealed.
Plaintiff’s rendition of services and supply of material is uncontested and accordingly we see no reason to dwell any further on this aspect of the case other than to note its existence and duly established verification.
In actuality, the only question before this court is whether or not plaintiff in recon-vention established an indebtedness owed by McLemore for the existence of a setoff agreement.
Plaintiff in reconvention attempted to establish the indebtedness of McLemore for legal services rendered by attempting to introduce the work files from his office, which indicated the nature of the services performed and allegedly the amount of money still owed by the defendant in re-convention. The trial judge refused to admit these records into evidence but did allow them to be entered into the record under the auspices of LSA-C.C.P. Article 1636. It is evident from the record that the trial judge did not consider Ruiz’s files as evidence proving the indebtedness of McLemore as indicated by the lower court’s dismissal of the reconventional demand for failure of plaintiff in reconvention to carry the burden of proof. We are convinced after a thorough review of the record and careful scrutiny of the evidence entered into the record by Ruiz under an offer of proof pursuant to LSA-C.C.P. Article 1636 that no manifest error has been committed.
Certain discrepancies arise in the evidence and testimony proffered in the lower court by the plaintiff in reconvention which substantiate that court’s resultant judgment and convinces this court to affirmation of same.
In January or February of 1966 Ruiz was retained by McLemore as an attorney to handle a matter entitled “the Summer Case”. In testimony Ruiz stated that the fee for this case was $500.00; however, the record indicates that the actual amount was $150.00, of which $100.00 was paid leaving a balance of $50.00 still outstanding. It is not certain when the $100.00 was paid; nevertheless, we note with interest that a purported bill dated October 19, 1966 was entered into the record by Ruiz which states a balance of $41.00 as due and owing by McLemore at that time. Additionally, prior to the alleged October billing Ruiz had completed Articles of Incorporation which were duly filed and recorded by July 22, 1966 and for which a fee of $200.00 was charged. By letter dated August 11, 1966 Ruiz stated:
“I have completed your corporation, and the charter has been duly recorded with the Secretary of State.
“There is presently a balance of $91.00 due on your account, and I would appreciate your taking care of same at your earliest convenience.”
The defendant in Reconvention asserts that accordingly a check dated September 15, 1966 for $50.00 was sent to Ruiz and was subsequently followed on December 9, 1966 (after the billing of October 19, 1966) with a check for $41.00.
We find no evidence to indicate that $50.00 was still due and owing from the Summer account other than Ruiz’s self-serving testimony and an alleged billing dated February 1, 1967 wherein the “Summer case” is listed by name and a balance of $150.00 is asserted. We find it impossible to reconcile this statement with that entered by Ruiz on October 19th, 1966 reflecting a balance of $41.00 in payment of which plaintiff had previously issued his check dated December 19, 1966 in this amount.
In another instance involving a case designated as the “Reynold’s account” Ruiz asserts that he defended McLemore for a fee of $375.00 and that a check from the defendant in reconvention dated December *899 22, 1966 for $100.00 was credited to this account and duly inscribed on the file of the case. Yet, on February 1, 1967 the bill that delineated the Summer account also designated that $375.00 was due and owing on the Reynolds account. The incident could conceivably be accredited to miscalculation or error but, combined with the totality of contradictions contained in the record, the conceivability of error diminishes.
The total sum of $625.00 as claimed by Ruiz is asserted in an alleged billing dated November 30, 1967 yet none of his records reflect any further billings or efforts to collect the money after this date. The repair work by Service Roofing Company was not done until June and July of 1969. Ruiz would have us believe that, nearly two years later after no further billings and no apparent attempts to collect, a set-off was arranged. This arrangement is increasingly suspect in light of statements by Mrs. Ruiz who testified that although she handles the billings and general bookkeeping duties for her husband nothing was said to her about a bill from McLemore concerning work performed on the camp at North Shore.
The lower court denied the admissibility of the evidence proffered by Ruiz on the ground that the same was not the best evidence available to Ruiz to prove his claim. We find it unnecessary to decide whether that evidence was admissible or inadmissible for after a careful examination of all of the evidence proffered, even assuming but not deciding the evidence was admissible, that evidence fails to prove the claim in reconvention and we reach the same result as that reached by the trial court.
At the trial of the matter Ruiz testified with the aid of a sheet of yellow legal sized paper as to the amounts of various fees that were charged against the account of the defendant in reconvention. He denoted each of the individual sums charged and indicated the amounts alleged as still due and owing. In his testimony he states that each of the amounts testified to were taken directly from his files. As indicated above, the files were made part of the record and are before this court on appeal. The charges, amounts paid, and the balance asserted as due are listed for coherent understanding:
CASE CHARGE PAID BALANCE
1-Reynolds matter $375.00 $100.00 $275.00
2-Summer matter $150.00 $100.00 $ 50.00
3-Leach $350.00 $ 50.00 $300.00
The only indications of charges and their amounts come from this yellow sheet of paper which were allegedly taken from Ruiz’s files. However, the only file containing any semblance of a fee charge is one designated the “Leach” file. Written in pen on the inside rear flap is a notation of $350.00, with a deduction of a $50.00 retainer fee, leaving the indicated balance of $300.00. On the Summer file nothing denoting a charge or fee is indicated and on the Reynolds file only one inscription of “Dec. 22-1966-paid $100.00” appears. If the fee charges come from the files of Ruiz we are certain that those files are not before us and were never entered into the record. Our examination of the evidence, documents and testimony clearly establishes the correctness of the trial judge’s ruling concerning the purported evidence of indebtedness, and the alleged proof as offered by the plaintiff in reconvention.
Finally, the alleged setoff agreement is clearly refuted by a letter sent to Mc-Lemore dated November 4, 1969 and signed by Donald B. Ruiz in which Ruiz says in part:
“I should have the claim settled on the camp shortly and will certainly pay you immediately for the work done. * * * »
It is inconceivable that $625.00 in debts would be forgotten, as they apparently were, after November 30, 1967, and not remembered until after this promise to pay had been given by Ruiz to plaintiff. The allegations of an agreement to set off the *900 debt for legal services with repair of the roof is not proved by the evidence, documents, testimony and attendant circumstances of this case. The conflicting and unconvincing nature of much of the evidence and testimony can but lead this court to the ultimate conclusion that plaintiff in reconvention has not proved the allegations of his petition and dismissal of the recon-ventional demand was unalterably correct.
For the above and foregoing reasons the judgment of the lower court is affirmed; all costs shall be paid by the defendant and plaintiff in reconvention, Donald B. Ruiz.
Affirmed.